UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VINCENT L. FIELDS,

Petitioner,

v.

CHARLES INGRAM, *et al.*,

Respondents.

Case No. C15-0799-TSZ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Vincent Fields has submitted to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he alleges that his due process rights were violated during probation revocation proceedings before the United States Parole Commission (the "Commission") and the National Appeals Board (the "Board"). Specifically, petitioner complains that there were prejudicial delays in the revocation process, that a procedural error by the Commission affected the outcome of his revocation hearing, that the Board failed to consider additional "significant information" on appeal, that the Commission's decision outside the guidelines was not supported by the reasons and facts stated in the notice of action, and that mitigating circumstances justified a different decision.

Respondents have filed a return and response to the petition in which they argue that

petitioner's claims lack merit and that the petition should therefore be denied. Petitioner has filed a traverse in support of his petition. Petitioner has also filed a motion to dismiss respondents' return on the ground that it was not timely filed. The Court, having reviewed the petition, respondents' return and response, petitioner's motion to dismiss respondents' return, and the balance of the record, concludes that petitioner's motion to dismiss and petitioner's federal habeas petition should both be denied, and that this action should be dismissed with prejudice.

## BACKGROUND

In 1987, petitioner was convicted in the United States District Court for the Southern District of California on charges of conspiracy to possess cocaine base with intent to distribute, and possession of cocaine base with intent to distribute. (*See* Dkt. 11, Ex. A at 3.) Petitioner was sentenced to ten years imprisonment on each count and the terms were ordered to run concurrently. (*Id.*) Petitioner was released from confinement on his mandatory release date, February 8, 1993, in accordance with 18 U.S.C. § 4163.[1] (*Id.*, Ex. B.) At the time of his release, petitioner had a total of 1497 days remaining to be served on his sentence. (*See id.*) Because petitioner was released prior to the expiration of his maximum sentence, he was to remain under the jurisdiction of the United State Parole Commission, as if on parole, until September 16, 1996, in accordance with 18 U.S.C. § 4164.[2] (Ex. 11, Ex. B.)

On November 18, 1994, petitioner was charged in King County Superior Court with murder in the second degree, theft in the second degree, unlawful possession with intent to deliver cocaine, and unlawful possession of methamphetamine. *See State v. Fields*, 2001 WL

---

[1] Section 4163 provides that a prisoner *shall* be released at the expiration of his term of imprisonment less time deducted for good conduct.

[2] Section 4164 provides that a prisoner released under § 4163 is deemed as if released on parole until the expiration of the maximum term for which he was sentenced less 180 days.

181149 (Wash.App. Div. 1). Petitioner was found guilty on all counts, and was sentenced to a total term of 219 months confinement.[3] On December 21, 1994, while petitioner was awaiting trial on the state court charges, the Commission issued a warrant application and warrant charging petitioner with violating the conditions of his parole based on the new state crimes. (*See* Dkt. 11, Ex. A at 1 and Ex. C.) The warrant was not executed until June 1, 2010, because petitioner was in state custody serving the sentence imposed for his King County Superior Court convictions. (*See id*., Ex. A at 1.)

A hearing was conducted by the Commission on November 8, 2010, and on December 10, 2010, the Commission issued a notice of action revoking petitioner's mandatory release, forfeiting all time previously spent on mandatory release, and granting re-parole effective March 16, 2011, after service of 196 months confinement.[4] (*Id*., Ex. C.) Petitioner appealed this decision to the Board which affirmed the Commission's decision on February 1, 2011. (Dkt. 11, Ex. D.)

Petitioner was released to parole on March 16, 2011, and was to remain under parole supervision until July 5, 2014. (*Id*., Ex. E.) However, on October 31, 2012, the Commission issued a warrant application and warrant charging petitioner with violating the conditions of his release based on a new federal charge of conspiracy to distribute a controlled substance - oxycodone. (*Id*., Ex. F at 1 and 3-5.) Petitioner pled guilty to that charge on May 30, 2013, and

---

[3] Petitioner appealed his second degree murder conviction to the Washington Court of Appeals, and the Court of Appeals reversed. *State v. Fields*, 87 Wn. App. 57 (1997). Petitioner was re-tried on the second degree murder charge and was convicted on November 5, 1999. On January 14, 2000, petitioner was again sentenced to a term of 219 months confinement. Petitioner appealed his conviction and sentence to the Washington Court of Appeals, and the Court of Appeals affirmed. *State v. Fields*, 2001 WL 181149 (Wash.App. Div. 1).

[4] The notice of action incorrectly states "revoke parole" when it was, in fact, petitioner's mandatory release which was revoked. It does not appear that this error caused petitioner any prejudice as the effect on petitioner's sentence under either type of supervision (parole or mandatory release) would be the same.

he was sentenced on September 17, 2013 to 18 months imprisonment to be followed by three years of supervised release. *See United States v. Roche*, *et al.*, C12-237-JCC, Dkts. 420 and 564. The Commission's warrant was executed on March 21, 2014, apparently upon petitioner's release from the sentence imposed for his 2013 conviction. (*See* Dkt. 2 at 4 and Dkt. 11, Ex. F at 2.) Petitioner was then re-processed as a parole violator and was retaken into federal custody at FDC SeaTac. (*See id.*)

On April 8, 2014, the Commission sent a letter to the United States Probation Office in this district requesting that it conduct a preliminary interview to determine whether there was probable cause to believe that petitioner had violated the conditions of his parole.[5] (Dkt. 11, Ex. G.) A preliminary interview was conducted on April 11, 2014, and the Commission thereafter found probable cause and ordered a hearing to determine whether petitioner's release should be revoked. (*See* Dkt. 2 at 4 and Dkt. 11, Ex. H.)

On November 13, 2014, a Commission hearing examiner conducted a revocation hearing at the Federal Transfer Center in Oklahoma City, Oklahoma. (Dkt. 11, Ex. I.) At that hearing, petitioner's counsel objected to the Commission's exercise of jurisdiction due to the fact that the hearing was five months late. (Dkt. 11, Ex. I at 1.) The hearing examiner overruled the objection because the examiner found that the delay had not adversely impacted petitioner's ability to defend himself. (*Id.*) Petitioner admitted the law violation and provided an explanation for the conduct which gave rise to the violation. (*See id.*) The hearing examiner found that petitioner's re-parole guideline range was 20-26 months, and that petitioner had already been in custody for 24 months. (*See id.*, Ex. I at 2.) The hearing examiner then

[5] Respondents explain that the Commission generated this request because it was not aware that petitioner had been convicted on the law violation specified in the warrant application and warrant. (*See* Dkt. 11 at 3.)

recommended that petitioner's parole be revoked, that he forfeit all time spent on parole, and that he be continued in custody to the expiration of his sentence. (*See id*., Ex. I at 3.)

The Commission adopted the recommendation of the hearing examiner in a notice of action issued on December 2, 2014. (*Id*., Ex. J.) According to respondent, petitioner's projected release date is April 12, 2016. (*See id*. at 3.) Petitioner appealed the Commission's decision to the Board, which affirmed the Commission's decision on April 30, 2015. (*Id*., Exs. K and L.)

## DISCUSSION

### Petitioner's Motion to Dismiss

Petitioner has filed a motion to dismiss respondents' return as untimely. Respondents oppose petitioner's motion, arguing that their return was, in fact, timely. Respondents are correct. This Court issued an Order on June 11, 2015, directing that petitioner's federal habeas petition and supporting papers be served on respondents, and that respondents file a return within thirty days. (Dkt. 6.) The docket reflects that the United States Attorney's Office for the Western District of Washington received service of the documents on June 15, 2015, as did respondent Warden Charles Ingram. (*See* Dkts. 7 and 8.) The United States Attorney General and respondent United States Parole Commission received service of the documents on June 23, 2015. (*See* Dkts. 9 and 10.) Respondents filed their return on July 14, 2015, less than thirty days after service. (*See* Dkt. 11.) Accordingly, petitioner's motion to dismiss is without merit and must therefore be denied.

### Petitioner's Claims for Relief

As noted above, petitioner complains that there were prejudicial delays in the revocation process, that a procedural error by the Commission affected the outcome of the revocation hearing, that the Board failed to consider additional "significant information" on appeal, that the

Commission's decision outside the guidelines was not supported by the reasons and facts stated in the notice of action, and that mitigating circumstances justified a different decision.

***1. Delays in Revocation Process***

Petitioner asserts that the Commission violated his due process rights when it failed to conduct a timely revocation hearing in 2014. Petitioner also appears to complain that the Board failed to issue a timely decision on his appeal of the Commission's 2014 decision revoking his parole. Pursuant to 18 U.S.C. § 4214(c), a revocation hearing is required to take place within ninety days of an accused parole violator being retaken pursuant to a Commission warrant. Pursuant to 18 U.S.C. § 4215(b), the Board is required to act on an appeal within 60 days of receipt of the appellant's papers.

In the revocation proceedings at issue here, the warrant was executed on March 21, 2014, but petitioner's revocation hearing did not take place until November 13, 2014, almost five months after the Commission was required by statute to conduct the hearing. (*See* Dkt. 11, Ex. F at 2 and Ex. I.) The notice of action revoking petitioner's parole was issued on December 2, 2014, and petitioner signed his appeal form on December 23, 2014. (*See* Dkt. 11, Ex. K.) According to respondents, petitioner's appeal was received by the Board on January 2, 2015. (*See id*. at 4.) However, the Board did not issue a decision on petitioner's appeal until April 30, 2015, well in excess of the 60 days permitted under the statute. (*See id*., Ex. L.)

The delays in this case were significant. However, it is well established that before a petitioner may obtain federal habeas relief based on the Commission's failure to act in accordance with applicable statutory deadlines, a petitioner must demonstrate that he was prejudiced by the delay. *Hopper v. U.S. Parole Commission*, 702 F.2d 842, 845 (9th Cir. 1983). *See also*, *Villareal v. U.S. Parole Commission*, 985 F.2d 835, 837 (5th Cir. 1993); *Judd v. Baer*,

911 F.2d 571, 573-74 (11th Cir. 1990); *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *Northington v. U.S. Parole Commission*, 587 F.2d 2, 3 (6th Cir. 1978).

Petitioner contends that the delay in holding his revocation hearing prejudiced him in that it caused the three-year term of supervised release imposed pursuant to his 2013 federal conviction and the 24 month term of supervised release imposed pursuant to his state court murder conviction to be extended by approximately five months. Respondents argue that petitioner has not established any prejudice arising out of the delays identified above. Respondents are correct.

A term of supervised release does not run while an individual is confined. *See* 18 U.S.C. § 3624(e) and RCW 9.94A.171. The Commission concluded, and the Board concurred, that petitioner's parole with respect to his original 1987 conviction should be revoked and that he should remain in custody until the expiration of his sentence. The balance of petitioner's original sentence began to run on the date the Commission's warrant was executed, March 21, 2014, not the date his parole was revoked, and petitioner began to earn good time credit on the balance of his sentence at that time as well. (*See* Dkt. 11, Ex. L at 1.) Only when petitioner completes that term of imprisonment will his terms of supervised release begin to run. Because petitioner's projected release date, April 12, 2016, is still months away, any delay in proceedings before the Commission or the Board cannot be deemed prejudicial.[6]

***2. Procedural Error***

Petitioner also asserts in his petition that his due process rights were violated when the

[6] Petitioner also appears to claim that he is entitled to relief because the Commission failed to conduct a timely review of the detainer placed against him following his conviction on the new federal charges in 2013, as required by 18 U.S.C. § 4214(b)(1). However, as respondents correctly note, this claim became moot once the Commission's warrant was executed and the revocation hearing was conducted. *See Anderson v. United States*, 898 F.2d 751, 752 (9th Cir. 1990). Accordingly, this claimed delay provides no basis for federal habeas relief.

Commission made a procedural error which he maintains affected the outcome of his revocation hearing. Specifically, petitioner cites to language in the "reasons" section of the notice of action issued by the Commission on December 2, 2014, which states that petitioner's mandatory release was revoked in 2010. (*See* Dkt. 2 at 46-47.) Petitioner notes that the presentence investigation report prepared by the United States Probation Office following his 2013 conviction specifically states that his parole with respect to his 1987 conviction was not revoked. (*See id*. at 69.)

However, regardless of the contents of the presentence investigation report, and the Probation Office's interpretation of events pertaining to the original 1987 case for purposes of determining the sentencing guideline range in petitioner's subsequent federal case, the Commission's own records make clear that petitioner's mandatory release was revoked in 2010 after he was convicted in state court. The Commission's reliance on this information in a subsequent revocation proceeding does not constitute error.

***3. Challenges to Substance of Decisions***

Petitioner asserts in his remaining claims that there was significant information not available at the time of the hearing, but made available at the time of petitioner's administrative appeal, which justifies a different decision, that the Commission's decision outside the guidelines was not supported by the reasons and facts stated in the notice of action, and that respondents failed to properly weigh evidence and consider mitigating factors in reaching their decisions.

Federal court review of decisions by the Commission is limited. Decisions of the Commission in granting, denying, modifying, or revoking parole, which are substantive in nature, are committed to the discretion of the Commission and are not reviewable. *See Wallace v. Christensen*, 802 F.2d 1539, 1544-45 (9th Cir. 1986). Thus, judgments by the Commission regarding the relevance of material before it and regarding the appropriate weight to be given to

such material, to the personal history and characteristics of the prisoner, to the nature and circumstances of a prisoner's relevant offenses, and to a prisoner's institutional behavior are all judgments entirely within the discretion of the Commission which may not be reviewed. Petitioner's complaints regarding respondents' decisions largely fall within these categories.

However, to the extent petitioner challenges the fact that the Commission rendered a decision outside the guidelines, he has arguably stated a claim within the jurisdiction of this Court on federal habeas review. In *Wallace*, the Ninth Circuit explained that a court has jurisdiction to consider a claim that the Commission failed to show "good cause" for rendering a parole decision "outside" the guidelines. *Wallace*, 802 F.2d at 1551. "[G]ood cause includes reasons put forth by the Commission in good faith which are not 'arbitrary, irrational, unreasonable, irrelevant or capricious.'" *Id*. Petitioner does not specifically allege that the Commission failed to show "good cause," but he does argue that the decision to go outside the guidelines was not supported by the reasons and facts identified by respondents.

The Commission offered the following reasons for rendering a decision outside the guidelines:

> After a review of all relevant factors and information, a decision above the guidelines is warranted because you are a poorer parole risk than indicated by your Salient Factor Score in that this is your second revocation as a result of a conviction for serious criminal conduct and your instant violation conduct is your third conviction for a drug distribution type offense. Specifically, you were released via mandatory release on 2/8/1983[7] for Conspiracy to Possess Cocaine Base with Intent to Distribute. Your mandatory release was revoked on December 10, 2010 due to new state convictions for First Degree Murder and Possession with Intent to Distribute Cocaine, Possession of a Weapon, and Theft. You re-paroled on March 16, 2011. While on parole supervision, you were once again convicted in a new drug distribution conspiracy. The Commission finds your pattern of criminal behavior creates an unacceptable risk to the community

---

[7] The record makes clear that this date is erroneous. The actual date of petitioner's mandatory release was 2/8/1993. (*See* Dkt. 11, Ex. B.)

and is likely to be repeated if granted discretionary release.

(Dkt. 11, Ex. J at 1-2.) The Board thereafter concluded on appeal that the reasons offered by the Commission adequately supported its decision outside the guidelines. (*Id*., Ex. L at 1.)

Petitioner identifies nothing "arbitrary, irrational, unreasonable, irrelevant or capricious" in the decisions of respondents. Thus, petitioner's challenge to the decision outside the guidelines must be rejected.

## CONCLUSION

Based on the foregoing, this Court recommends that petitioner's motion to dismiss respondent's return and petitioner's federal habeas petition be denied, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 16, 2015**.

DATED this 18th day of September, 2015.

Mary Alice Theiler
United States Magistrate Judge